NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE CONTINENTAL CASUALTY COMPANY, | ) ) ) |
| Plaintiff, | ) Civil Action No. 05-5189 (JLL) ) ) **O P I N I O N** |
| v. | ) ) |
| ROBERT M. GAMBLE, JR., et al., | ) ) |
| Defendants. | ) ) |

**LINARES**, District Judge.

This matter comes before the Court on the cross-motions for summary judgment of Plaintiff Continental Casualty Company ("Continental" or "Plaintiff") and Defendants Kevin Freemyer and Natalie Freemyer (the "Freemyer Defendants") pursuant to Federal Rule of Civil Procedure 56. No oral argument was heard. Fed. R. Civ. P. 78. For the reasons set forth herein, Plaintiff's motion for summary judgment is granted and Defendants' motion for summary judgment is denied.

### JURISDICTION

Jurisdiction over this matter is premised upon 28 U.S.C. 1332(a)(1) and is based upon diversity of citizenship of the parties and upon the amount in controversy exceeding $75,000.

**BACKGROUND**

A.      **Factual Background**

On June 21, 2003, Robert M. Gamble[1] ("R.M. Gamble") completed and signed an application for insurance coverage with Plaintiff for his motor boat.[2] The application identified R.M. Gamble as the boat owner, and listed Patrick Gamble and Robert J. Gamble ("R.J. Gamble") as regular operators of the boat. The last section of the application was titled "Special Conditions, Requirements, and Coverages" and stated that "[i]f the boat is operated by anyone younger than 18 while the named insured is not aboard liability is reduced to $25,000 and the hull deductible is increased to 50% of the hull value." (Pl. Ex. A.).

Plaintiff issued a "Boat Saver" insurance policy (the "Policy") to R.M. Gamble bearing policy number 1065122-03, effective July 6, 2003 to July 6, 2004. (Pl. Ex. B). The policy, under "Coverage B - Boating Liability (Protection and Indemnity)" provides coverage with limits of liability of $100,000.00 per person for each accident and a per accident aggregate limit of $300,000.00. (Id.). Coverage B specifies the coverage provided as:

> [if] an amount is shown for Coverage B on the Declarations Page, we will pay damages and any costs assessed against you up to that amount for any claim or suit covered under this policy for bodily injury or property damage for which any insured becomes legally liable through ownership, maintenance or use of the insured boat . . . ."

(Id.). The Policy also included a section titled "Boat Saver Policy Youthful Operator Liability Limit Endorsement" (the "Endorsement"). (Id.). The Endorsement is as follows:

---

[1] Plaintiff improperly pled Robert M. Gamble as Robert M. Gamble, Jr. The Court hereafter shall refer to Mr. Gamble by his correct name.

[2] All facts herein are undisputed unless otherwise noted.

> The Boat Saver Policy, Coverage B, Boating Liablity, is amended to provide that in the event the Boat Insured is operated by any person under the age of eighteen (18) while the Named Insured is not aboard, the Coverage B limit is reduced to $25,000 per accident and the deductible for Coverage A, Boat and Boating Equipment, is automatically increased to 50% of the Actual Cash Value of the boat.

(Id.).

The Policy's Declarations Page (the "Declarations Page") lists the named insured as R.M. Gamble and restates the liability coverage of $100,000 per person, per accident and $300,000 in the aggregate. (Id.). About halfway down the page, the Declarations Page has a section titled "**FORMS AND ENDORSEMENTS**." (Id.) (emphasis original). This section lists "E640" as a form or endorsement that was "made a part of this Policy at time of issue." (Id.). The Endorsement at issue in this matter is contained on its own page in the policy and in the lower left-hand corner of the Endorsement is the following: "E640 (5/96). (Id.).

On August 25, 2003, while R.J. Gamble was operating R.M. Gamble's boat, the boat was involved in a collision on Upper Greenwood Lake, West Milford Township, Passaic County, New Jersey. At the time of the accident, R.J. Gamble was under eighteen (18) years of age. R.M. Gamble was not aboard the boat at the time of the accident. Injured in the accident were Defendants Amanda Cordero and Kevin Freemyer.[3]

**B.     Procedural History**

Plaintiff filed a Complaint in this Court on October 31, 2005 seeking a judgment "declaring that the Youthful Operator Liability Limit Endorsement of the insurance policy limits liability coverage for the claims asserted against [R.M. Gamble] to the sum of twenty-five

---

[3]To the best of the Court's knowledge, it appears that Natalie Freemyer is Kevin Freemyer's mother.

thousand dollars ($25,000.00)." (Compl.). Defendants R.M. Gamble and Amanda Cordero failed to answer the Complaint. The Freemyer Defendants filed an Answer to the Complaint.

Plaintiff filed its motion for summary judgment on September 21, 2006 seeking judgment as a matter of law that the Endorsement in the Policy must be applied and enforced as written. The Freemyer Defendants filed a cross-motion for summary judgment on March 27, 2007 seeking a judgment that the Endorsement is unenforceable.

## DISCUSSION

A.   **Legal Standard**

A court shall grant summary judgment under Rule 56(c) of the Federal Rules of Civil Procedure "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). On a summary judgment motion, the moving party must show, first, that no genuine issue of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

B.   **Analysis**

Plaintiff moves for summary judgment and presents a two-fold argument. First, Plaintiff argues that the Endorsement is clear and unambiguous and must be enforced since R.J. Gamble was under eighteen years of age and was operating the boat without R.M. Gamble aboard. Second, Plaintiff argues that step-down provisions, like that contained in the Endorsement, do not violate public policy and consequently are enforceable.

The Freeymyer Defendants oppose Plaintiff's motion and cross-move for summary judgment. The Freemyer Defendants argue that the Court should decline to enforce the terms of

the Endorsement since the Endorsement creates confusion and ambiguity and falls outside the reasonable expectations of the policyholder. These Defendants also argue that the Declarations Page of the Policy is unclear, ambiguous and fails to comply with the reasonable expectations standard since it does not explicitly set forth the terms contained in the Endorsement. Lastly, the Freemyer Defendants argue that the step-down clause is unenforceable as a matter of law because it is based upon the age of the operator.

   1.   **Enforceability of Step-Down Clauses**

The step-down clause at issue in this matter reduces liability coverage for claims asserted against R.M. Gamble to $25,000 in the event that the person operating the boat was under eighteen (18) years of age and the named insured was not aboard the boat at the time of the accident.

The Freemyer Defendants argue that the step-down clause contained in the Endorsement is unenforceable in light of New Jersey precedent. Since the Endorsement reduces coverage based upon the age of the operator, the Freemyer Defendants contend that as a permissive user of the boat, R.J. Gamble is entitled to the same coverage as his father, R.M. Gamble in light of the Appellate Division decision in <u>Allstate Ins. Co. v. Royal Globe Ins. Co.</u>, 195 N.J. Super. 598, 481 A.2d 298 (App. Div. 1984). In <u>Allstate</u>, the Appellate Division examined a step-down provision in an auto insurance policy which reduced coverage based upon the age of the driver and noted that "[i]t has been generally held that the coverage for a permissive user must be the same as the coverage afforded the owner." 195 N.J. Super. at 606-07. The Freemyer Defendants also argue that the Endorsement should be invalidated because it harms third party beneficiaries of the Policy like Kevin Freemyer.

Plaintiff urges that step-down clauses contained in boat insurance policies are enforceable under New Jersey law and are not subject to the financial responsibility statutes that apply to automobile insurance policies. Plaintiff acknowledges that the Appellate Division is in agreement that a step-down clause which completely excludes a class of permissive users from coverage is void and unenforceable, but contends that the Endorsement here does no such thing and is thus enforceable. (Pl. Br. Opp'n at 12). Plaintiff reads the decision rendered in Rao v. Universal Underwriters Ins. Co., 228 N.J. Super. 396, 549 A.2d 1259, (App. Div. 1988) to distinguish and narrow the holding of Allstate. Thus, since the Freemyer Defendants argue that the Endorsement is unenforceable because it is premised upon the age of the operator, Plaintiff contends that such a position is unsupported by the law and must be rejected.

The Court agrees with Plaintiff's reading of Allstate and Rao and concludes that a step-down clause like the one contained in the Endorsement here is enforceable as a matter of law. The Court notes that New Jersey courts have declined to enforce intra-family exclusions in auto insurance policies as violative of public policy due to the state's automobile insurance scheme. See Zacarias v. Allstate Ins. Co., 168 N.J. 590, 599, 775 A.2d 1262 (2001) (discussing Kish v. Motor Club of Am. Ins. Co., 108 N.J. Super. 405, 261 A.2d 662 (App. Div.), certif. denied, 55 N.J. 595, 264 A.2d 68 (1970)). New Jersey courts have also taken a similar approach towards exclusions in auto insurance policies that are based upon the age of the user. Allstate, 195 N.J. Super. 598. However, courts have not reached the same conclusion for similar exclusions in boat insurance policies. Nor have the Freemyer Defendants proffered any public policy considerations in support of such a determination. Accordingly, the Court determines that a step-down clause like that contained in the Endorsement is enforceable under New Jersey law.

   2.     **Ambiguity and Reasonable Expectations**

The Court must next determine whether the Endorsement is enforceable as written.

New Jersey courts consider insurance policies contracts of adhesion and thus scrutinize them with particularity.  Morrison v. American Int'l Ins. Co. of Am., 381 N.J. Super 532, 537, 887 A.2d 166 (App. Div. 2005) (citing Zacarias v. Allstate Ins. Co., 168 N.J. 590, 594-95, 775 A.2d 1262 (2001)).  "Where there is any ambiguity in the terms and conditions of the contract, 'ambiguous language will be construed liberally and resolved against the insurer and in favor of coverage.'"  Morrison, 381 N.J. Super at 537 (quoting Pinto v. New Jersey Mfrs. Ins. Co., 365 N.J. Super. 378, 387, 839 A.2d 134 (App. Div. 2004), aff'd, 183 N.J. 405, 874 A.2d 520 (2005)).  While conducting such an analysis, New Jersey courts must give effect to the "reasonable expectations" of the insured in order to fairly interpret the terms and language used in the policy, and thus the boundaries of the insurance coverage.  Morrison, 381 N.J. Super at 537 (citations omitted).  In doing so, the court must interpret the language of the policy from the perspective of the average policyholder.  Id. (citations omitted).

   While the court must seek to objectively interpret policy language, it must also interpret unambiguous policy language as written.  Id. at 538 (citing Nav-Its, Inc. v. Selective Ins. Co., 183 N.J. 110, 118, 869 A.2d 929 (2005) (citation omitted)).  "Where the terms of the policy are clear and unambiguous, it is not the function of the courts to rewrite the policy 'to make a better policy of insurance than the one purchased.'"  Morrison, 381 N.J. Super at 538 (quoting Gibson v. Callaghan, 158 N.J. 662, 670, 730 A.2d 1278 (1999) (citation omitted)).  Notably, courts have applied just these principles to enforce step-down provisions contained in insurance policies, provided that the language of the provisions is clear and unambiguous.  Morrison, 381 N.J. Super

at 538 (citing Murawski v. CNA Ins. Co., 183 N.J. 423, 874 A.2d 530 (2005)) (citations omitted)).

Notably however, the Zacarias Court set forth two rules regarding application of the reasonable expectations doctrine. The Court held that in enforcing an insurance policy, a court should only depart from the text and apply the reasonable expectations doctrine "if the text appears overly technical or contains hidden pitfalls, cannot be understood without employing subtle or legalistic distinctions, is obscured by fine print, or requires strenuous study to comprehend. Id. at 601 (internal citations omitted). The Court also held that the plain terms of the policy will be enforced unless the provision pits the professional interpretation of an underwriter versus that of the average policyholder or the provision is not so confusing such that the average policyholder cannot determine the bounds of coverage. Id. (citations omitted).

Plaintiff argues that the doctrine of reasonable expectations does not, and cannot, apply in this case because the language of the policy is clear and unambiguous and because the Freemyer Defendants are mere third-party claimants, not intended beneficiaries, of the Policy. Further, Plaintiff argues that the Endorsement does not conflict with other portions of the Policy, including the Declarations Page which renders the Endorsement unenforceable. Rather, Plaintiff argues that "[w]hen the Declarations Page is read together with the insurance policy issued by Continental, as required under Zacarias, 168 N.J. 590, no ambiguity can be found in Continental's policy as to the limits of coverage available to underage operators unsupervised by the named insured." (Pl. Br. Opp'n at 9).

The Freemyer Defendants urge that the insurance policy is unenforceable as written because the Endorsement clause was "'hidden' in 'fine print' code only" and Plaintiff failed to

include the Endorsement's terms on the Declarations Page of the Policy. (Def. Br. at 11). Thus, the Freemyer Defendants argue that the Endorsement and the Policy fail to meet the "reasonable expectations" of themselves, intended beneficiaries of the policy as required by <u>Zacarias</u>. (Def. Br. at 10).

     Here, the Court finds that the plain terms of the Policy require enforcement of the Endorsement and limitation of Plaintiff's liability in accordance with the Endorsement. Applying the tenets set forth in <u>Zacarias</u>, the Court holds that the terms of the Policy are unambiguous and should be enforced. The Endorsement itself contains plain, easily understandable language and specifically limits coverage in the event that the "Named Insured" is not aboard the boat. (Pl. Ex. B). Then, in a section titled "Definitions," the Policy defines "Named insured" to "mean[] the insured(s) named on the Declarations Page." (Pl. Ex. B, Policy at 1). Then, on the Declarations Page, the "Named Insured and Address" section lists "Robert M. Gamble" and his address. (Pl. Ex. B). There is thus no ambiguity that the Endorsement limits coverage in the event that a third party operated the boat in the absence of R.M. Gamble, as happened here. Accordingly, the Court rejects the Freemyer Defendants' argument that the Endorsement creates an ambiguity because it conflicts with the Policy itself. Rather, the Court finds that the Endorsement explicitly *amends* the terms of the Policy.

     With respect to the Freemyer Defendants' arguments related to the Declarations Page, the Court determines that the Declarations Page is unambiguous in its reference to the Endorsement and does not alter the validity of the Policy and Endorsement. The Freemyer Defendants argue that the Endorsement creates an ambiguity because it conflicts with the Declarations Page. As noted above, the Declarations Page lists the named insured as R.M. Gamble and restates the

liability coverage of $100,000 per person, per accident and $300,000 in the aggregate.  (Pl. Ex. B).  About halfway down the page, the Declarations Page has a section titled "**FORMS AND ENDORSEMENTS**."  (Id.) (emphasis original).  This section lists "E640" as a form or endorsement that was "made a part of this Policy at time of issue."  (Id.).  The Endorsement at issue in this matter is contained on its own page in the policy and in the lower left-hand corner of the Endorsement is the following: "E640 (5/96).  (Id.).

The Court determines that this reference on the Declarations Page to the Endorsement is sufficiently clear and unambiguous to avoid the creation of any conflict between the Endorsement and the terms of the Declarations Page.  New Jersey courts have recognized the importance of the Declarations Page and its role in summarizing the contents of the Policy within the context of a reasonable expectations analysis. Lehroff v. Aetna Cas. and Sur. Co., 271 N.J. Super. 340, 638 A.2d 889, (App. Div. 1994); Gerhardt v. Continental Ins. Co., 48 N.J. 291, 298, 225 A.2d 328 (1966).  However, the New Jersey Supreme Court has held that "an insurance contract is not *per se* ambiguous because its declarations sheet, definition section, and exclusion provisions are separately presented."  Zacarias, 168 N.J. at 603.  Here, as in Zacarias, the Court finds that there is "no ambiguity, inconsistency, or contradiction between the declarations sheet and the body of [the] policy."  Id. at 602.  Rather, the Declarations Page clearly directs the policyholder to certain forms and endorsements made a part of the Policy by the use of bold and capitalized font.  Although the Endorsement is not referenced by its full title on the Declarations Page, the policyholder is directed to consult "E640" which corresponds to the Endorsement.  The Court finds that this is sufficient, especially given that the Endorsement itself is written in such direct and ordinary terms.

Accordingly, the Court finds that the Freemyer Defendants have failed to establish that the Endorsement, the Policy or the Declarations Page creates any ambiguity sufficient to invalidate the terms of the Policy.  Thus, Plaintiff's motion for summary judgment is hereby granted, the Freemyer Defendants' motion for summary judgment is denied, and the Court declares that the Policy shall be enforced as written.

## **CONCLUSION**

For the reasons stated herein, Plaintiff's motion for summary judgment is granted and the Freemyer Defendants' motion for summary judgment is denied.

An appropriate Order accompanies this Opinion.


DATE: June 4, 2007                                        /s/ Jose L. Linares
                                                                  United States District Judge